**FOR PUBLICATION**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **CLIFFORD W. ALLEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**INTERNATIONAL UNION UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, LOCAL #60 and MVM, INC.,**<br><br>**Defendants.** | **Civil No. 2005-54** |

**ATTORNEYS:**

**Archie Jennings, Esq.**
St. Thomas, U.S.V.I.
*for the plaintiff,*

**Chad C. Messier, Esq.**
St. Thomas, U.S.V.I.
*for the defendant International Union United Government Security Officers of America, Local #60,*

**Andrew L. Capdeville, Esq.**
St. Thomas, U.S.V.I.
*for the defendant MVM, Inc.*

**MEMORANDUM OPINION**

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant International Union, United Government Security Officers of America and its Local 60 (“UGSOA”) to dismiss this action for

failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). Defendant MVM, Inc. ("MVM") joins the motion to dismiss. The motion is unopposed.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Clifford W. Allen ("Allen") commenced this action on February 22, 2005, in the Superior Court. He claims that his union, the UGSOA, breached its duty to represent him when his employer, MVM, Inc. fired him. He also claims he was subject to discrimination in violation of 42 U.S.C. §§ 1981 and 1983.

This action was removed to this Court on March 29, 2005, upon a joint notice of removal of the defendants. After removal, the Court was advised that Allen was injured in an accident, and required multiple surgeries. The matter was stayed for six months in May, 2005, to allow Allen to obtain medical treatment. Allen's attorney has indicated Allen was in rehabilitation during 2005 and 2006.

Since November, 2005, the defendants have attempted to defend this action. To that end, UGSOA and MVM have served interrogatories upon Allen. UGSOA also has requested production of documents, served requests for admissions, and noticed a deposition of Allen. However, Allen has failed to respond to any discovery requests. Allen's attorney has advised the Court that the last time counsel heard from Allen was in November, 2006,

when Allen contacted counsel and expressed his intent to pursue this matter. Allen's attorney has further advised the Court that Allen is living in the Dominican Republic, and that Allen has failed to provide his attorney with information on his medical condition.

On November 25, 2008, this Court ordered Allen, no later than December 5, 2008, to show cause why this action should not be dismissed. Allen did not respond to that order.

## II. DISCUSSION

Federal Rule of Civil Procedure 41 provides that, "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A court's authority to dismiss claims under Rule 41(b) is based on the "'inherent power' [of the court] . . . to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)(citation omitted). "Unless the dismissal order states otherwise, a dismissal under this [section] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "The procedural history of each case must be examined" in order to determine whether a motion under Rule 41(b) should be granted. *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974).

In *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868

(3d Cir. 1984) the United States Court of Appeals for the Third Circuit articulated the factors a district court must balance when considering whether to dismiss an action for a party's failure to prosecute. The six factors are: "(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." *Id.* at 868 (emphasis in original). These factors are assessed to ensure that the extreme sanction of dismissal is exercised only when appropriate. *See id.* at 867-68.

## III. ANALYSIS

### A. Personal responsibility

A plaintiff has the duty to diligently proceed with his action. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)(citing *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). The best efforts of counsel are fruitless without the participation of the plaintiff. At the very least, the plaintiff must make himself available for discovery. *See Richardson v. Cox*, No. Civ. A. 91-7830, 1993 WL 481723, at *3

(E.D. Pa. Nov. 17, 1993)(citation omitted) ("a plaintiff must bear the responsibility of pursuing his claim and at a minimum he must be willing to participate in the discovery process").

Allen's attorney has lost contact with Allen. Counsel states that in 2006 Allen said he would make himself available in the Virgin Islands in order to pursue this case, and that Allen also said he would provide medical and other information. Counsel has spoken to Allen's brother, who has indicated that Allen remains in the Dominican Republic. Allen did not provide information, and has not returned to the Virgin Islands.

Allen's failure to assume the most basic of responsibilities in prosecuting this matter, such as providing his own attorney with information, weighs in favor of dismissing this case.

**B. Prejudice**

The second *Poulis* factor the Court must weigh is prejudice to the adversary caused by the plaintiff's inaction. *Poulis*, 747 F.2d at 868. Allen has a duty, in the spirit of the Federal Rules of Civil Procedure, to participate in discovery. When a party does not participate, his opponent can be prejudiced by being unable to obtain necessary information or to effectively prepare a trial strategy. *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008)(citing *Ware v. Rodale Press Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)).

Here, counsel for UGSOA points out that Allen has not responded to any written discovery directed to him, and has also failed to appear at a properly noticed deposition. Allen's failure to participate in litigation that he initiated constitutes prejudice to the defendants. This litigation has been pending for five years. The defendants have had to expend resources to defend this action, and have attempted to prepare for trial on claims about which they can gain little information. The second factor also weighs in favor of dismissal. *See Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-874 (3d Cir. 1994)(citation omitted)(finding that evidence of prejudice, such as the loss of evidence, dimming of witness memories, or excessive costs imposed on the opposing party, would weigh heavily in support of dismissal or default judgment).

**C. History of dilatoriness**

At least since 2006, Allen's attorney has been unable to contact him. Even before he fell out of contact with his attorney, Allen had not been participating in the discovery process. Allen has never responded to interrogatories or requests for document production which were filed in 2005.

Since filing the complaint, Allen has done little to pursue his claim. Indeed, only three motions have been filed on his

behalf. One motion sought to stay proceedings. In the other motions, Allen's counsel sought to withdraw. UGSOA filed a notice of its intent to depose Allen in July of 2008, but the deposition has not yet taken place. That history of delay weighs in favor of dismissal. *See Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994)(dismissing the action of a plaintiff who filed a claim and then disappeared for three months).

**D. Willful or bad faith conduct**

The Court has not been informed of any willful or bad faith conduct. UGSOA contends that because Allen initiated this case *pro se* and failed to respond to discovery requests during a time before his attorney made a first appearance, Allen is aware that he did not timely respond to discovery. However, failure to answer discovery does not necessarily result from willful or bad faith conduct. The record is inconclusive as to whether bad faith attends Allen's conduct.

**E. Effectiveness of sanctions other than dismissal**

Because Allen's attorney cannot locate him to carry on this litigation, it is unlikely Allen would be informed of any sanctions levied against him. When it is a party, rather than an attorney, that fails to participate in litigation, alternative sanctions tend to be ineffective. *See, e.g.*, *Briscoe*, 538 F.3d at 262 (noting that where an attorney has caused the delay, the

District Court can impose a sanction of expenses, but where the party causing undue delay is proceeding *pro se* and *in forma pauperis*, there are no alternative sanctions available other than dismissal). The Court finds sanctions other than dismissal would be ineffective in this case. This finding weighs in favor of dismissal.

**F. Merit of the claims or defenses**

Finally, on a Rule 41(b) motion, "in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Id*. at 263. Under rule 12(b)(6), a court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1969 (2007)(emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Allen has asserted that MVM breached the terms of its collective bargaining agreement with the UGSOA by terminating him, and that the UGSOA breached its duty of fair representation by not objecting to his discharge. Allen also makes claims for violations of 42 U.S.C. §§ 1981 and 1983. Were Allen able to prove the facts alleged in his complaint at trial, he might be entitled to relief. The final *Poulis* factor weighs in favor of

denying the motion to dismiss.

**G. Balancing the *Poulis* factors**

None of the *Poulis* factors is alone dispositive. *Briscoe*, 538 F.3d at 263. However, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Id.* (quotation omitted). Four of the six factors weigh in favor of dismissing Allen's case. Allen has disappeared, abdicating his responsibility to prosecute his cause. As a result, discovery is practically impossible. Notwithstanding his accusations, Allen has provided the Court with no effective alternatives to dismissal. While Allen has made serious claims, on balance, the *Poulis* factors point to dismissing this case. *See Emerson*, 296 F.3d at 191 (affirming a dismissal for failure to prosecute, even where the district court found the plaintiff's allegations were facially meritorious).

**IV. CONCLUSION**

For the foregoing reasons, the Court will grant the defendants' motion to dismiss. An appropriate order follows.

**S_______________________**
**CURTIS V. GÓMEZ**
**Chief Judge**